IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KYLE DAVID BIEDMA,

    Plaintiff,

v.

MICHAEL CLARK, *et al.*,

    Defendants.

_____/

No. CV 14-2853 RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

In this action arising from the arrest, detention, and prosecution of plaintiff Kyle David Biedma, defendants Michael Clark and the City of Santa Rosa move to dismiss two of the seven claims in the underlying complaint. Because plaintiff's second and fifth claims are barred by statute, they must be dismissed. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND[1]

Biedma alleges he was arrested without probable cause on or around April 6, 2013, by Clark, a police officer employed by the City of Santa Rosa. It appears from the complaint, which is slim on factual averments, that Biedma was also injured by a police dog allegedly controlled by Clark.

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of a motion to dismiss.

1  Following his arrest, Biedma was detained, allegedly without justification.  Several weeks later, the
2  City initiated a criminal case against Biedma, claiming he had violated California Penal Code
3  Section 148(a)(1).  Biedma was acquitted following an April 2014 jury trial.  According to the
4  complaint, defendants undertook this prosecution without probable cause.

5  Biedma filed this action against the City, Clark, and various unnamed doe defendants in
6  California Superior Court on April 30, 2014.  His complaint asserts seven claims for relief: (1)
7  negligence, (2) negligent hiring, supervision, and retention, (3) false imprisonment, (4) battery, (5)
8  malicious prosecution, (6) violation of various state constitutional rights, and (7) violation of various
9  federal constitutional rights.[2]  Defendants removed, invoking federal subject matter jurisdiction.[3]
10 *See* 28 U.S.C. §§ 1331 and 1441(a).  This motion followed.

### III. LEGAL STANDARD

12 A complaint must contain "a short and plain statement of the claim showing that the pleader
13 is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations are not required," a
14 complaint requires sufficient factual averments to "state a claim to relief that is plausible on its
15 face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544,
16 570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to
17 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This
18 standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The
19 determination is context-specific, requiring the court "to draw on its judicial experience and
20 common sense." *Id*. at 679.

21 A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure
22 tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v.*
23 *Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based on
24 either the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

---

[2] The second claim proceeds against the City.  The seventh claim names only Clark.  The remaining claims are pled against all defendants.

[3] Before the case was removed, Biedma filed an amended complaint in state court.  At the time of removal, however, defendants had not been served with the amended pleading.  The parties agree that for purposes of this motion, Biedma's original complaint is the operative pleading.

United States District Court
For the Northern District of California

1  cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

2  When evaluating such a motion, the court must accept all material allegations in the complaint as

3  true, even if doubtful, and construe them in the light most favorable to the non-moving party.

4  *Twombly,* 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however,

5  "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy*

6  *Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996).

## IV. DISCUSSION

### A.  Factual Disputes

Motions to dismiss are, with a few exceptions, decided solely on the basis of the averments in the complaint.  Instead of hewing to Biedma's allegations, defendants' motion endeavors to introduce certain "facts" that are absent from the operative pleading.  This is, of course, improper. So too is Biedma's attempt to rebut defendants' assertions by requesting judicial notice of certain "facts" found in public records of other judicial proceedings.[4]  The parties' factual squabbling is irrelevant to this order, which is based only on the allegations in the complaint.

### B.  Second Claim: Negligent Hiring, Supervision, and Retention

Biedma's second claim proceeds under a common law negligence theory, alleging the City acted negligently in the hiring, supervision, and retention of defendant Clark.  This sort of claim is barred by California Government Code § 815(a), which provides that a public entity is not liable "for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

Although the claim is alleged solely against the City, Biedma argues it should be construed more broadly as averring *vicarious* liability for "the acts and omissions of those agents and employees" who negligently hired, supervised, and retained Clark.  (Pl. Opp., ECF No. 10, 6:7-8). In other words, plaintiff now argues this claim is based not on the acts or omissions of the City itself, but on the conduct of its employees.  The complaint lacks factual allegations to support such a

---

[4] Judicial notice of adjudicative facts is appropriate only where the fact "is not subject to reasonable dispute."  Fed. R. Evid. 201.  While the *fact* of Biedma's acquittal is judicially noticeable, the state court verdict cannot be read as establishing, "as a matter of public record," that certain disputed events did or did not occur on the date of Biedma's arrest.  (*See* Pl. Opp., ECF No. 10, 3:16).

*United States District Court*
For the Northern District of California

theory. While Biedma's pleading defines "Defendants" and "Defendant" broadly to include "those unknown Defendants whose identities may . . . become known to Plaintiff," the second claim's few invocations of the singular "Defendant" are not sufficient to alert defendants that, contrary to the actual wording of the claim, Biedma intends to challenge the acts and omissions of various City employees. (*See* Compl. ¶ 5). This is especially so when, unlike numerous other claims naming "Defendants" generally, the second claim is specifically asserted "By Plaintiff Against Defendant City of Santa Rosa." (Compl. p. 4). If Biedma seeks to allege other defendants acted negligently in hiring, training, and retaining Clark, and that the City is vicariously liable for their conduct, he may do so in an amended complaint.

The second claim is dismissed. To the extent Biedma alleges direct liability against the City, the dismissal is with prejudice.

C. <u>Fifth Claim: Malicious Prosecution</u>

Biedma concedes his fifth claim is barred by California Government Code § 821.6, which provides:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

*See also Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 756–57 (Cal. 1997). He requests, however, that only "the underlying [legal] theory," and not the factual underpinnings of his claim, be dismissed. (Pl. Opp., ECF No. 10, 3-4). If Biedma believes the allegations underlying his fifth claim are relevant to some other claims in his complaint, he can structure his amended pleading accordingly. The fifth claim is dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, defendants' motion is granted. Plaintiff may file an amended complaint within thirty (30) days.

IT IS SO ORDERED.

Dated: 8/1/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE