UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE DAVID BIEDMA,

Plaintiff,

v.

MICHAEL CLARK, et al.,

Defendants.

Case No. 14-cv-02853-RS

**ORDER REGARDING MOTIONS IN LIMINE**

## I. INTRODUCTION

Plaintiff Kyle Biedma asserts five claims for violations of state law and the Fourth Amendment of the U.S. Constitution against defendants Santa Rosa Police Department ("SRPD") Officer Michael Clark, the City of Santa Rosa: negligence (Claim 1); negligent training and supervision (Claim 2); false imprisonment (Claim 3); battery (Claim 4); and federal constitutional violations (Claim 5). Under the federal constitutional umbrella, Biedma asserts two claims for Fourth Amendment violations for unreasonable seizure and malicious prosecution. In addition, he asserts that Clark and the City violated the Equal Protection Clause of the Fourteenth Amendment. Biedma seeks to hold Clark and the City liable for Claims 1, 3, 4, and 5. Only the City is potentially liable for Claim 2. These claims arise from a stake-out gone awry, when Clark ordered his dog, Taz, to attack Biedma. Clark and the other SRPD officers were searching for Eric Diaz, a fugitive on the loose. Following the dog bite, Clark completed an incident report and forwarded the case to the Santa Rosa County Prosecutor's Office to determine whether to file a charge of

resisting arrest.

Biedma has filed three motions in limine to exclude the following evidence: (1) Biedma's prior misdemeanor convictions and injury to his right arm; (2) various documents and physical exhibits; and (3) testimony about SRPD's training and recordkeeping. Defendants press six motions in limine to prohibit admission of the following: (1) a photograph of Clark pointing his service weapon at Diaz's girlfriend and child; (2) the order denying defendants' motion for summary judgment; (3) testimony about the absence of a video recording of the dog bite; (4) undiscounted medical bills; (5) testimony of Scott Defoe, Biedma's proposed rebuttal expert; and (6) testimony about Biedma's criminal trial for resisting arrest.

## II. PLAINTIFF'S MOTIONS IN LIMINE

### A. Motion in Limine No. 1: To Exclude Evidence of Prior Misdemeanor Convictions and Prior Injury to Biedma's Right Arm

Biedma moves to exclude any evidence related to two prior misdemeanor convictions for vandalism, Cal. Penal Code § 594(a), and selling alcohol to a person under the age of 18, Cal. Bus. & Prof. Code § 25658(a). Biedma pleaded no contest to both charges. The convictions are plainly not admissible to prove Biedma's character for truthfulness because neither offense is punishable by death or imprisonment of more than one year or is a crime of dishonesty. *See* Fed. R. Evid. 609(a).

Defendants insist, however, that these convictions are relevant for reasons other than to attack Biedma's character. Instead, defendants argue that the vandalism conviction will assist the jury to assess the reasons the prosecutor chose to prosecute Biedma for resisting arrest, Biedma's behavior, and the degree of his emotional distress. First, they contend that the conviction is relevant to defend against the claim of malicious prosecution because Biedma was initially charged with a felony and the prosecutor may have decided to prosecute Biedma for resisting arrest because of the pending felony charge. At this stage in the trial, defendants' argument on this point is purely speculative. Absent foundation establishing that the prosecutor considered

information other than the police report evidence of this conviction is not probative of any material issue of fact.  Even if defendants can lay a proper foundation, however, they must proffer the testimony to enable full evaluation of whether the probative value of the testimony outweighs the obvious prejudice.

Second, defendants contend that the pending charges would have alerted Biedma of the need to follow police officers' orders immediately.  Defendants also speculate that Biedma's ongoing legal troubles caused him to harbor ill will towards the police.  These arguments are purely speculative and do not substantiate any need to delve into Biedma's criminal history.  Evidence of Biedma's conviction is of marginal relevance given that defendants may probe bias by asking other questions.

Third, they insist that evidence of Biedma's prior convictions is relevant to the issue of damages to rebut the expected claim that Biedma was shocked to learn by mail that he had been criminally charged despite the fact that he had not been arrested.  In addition, defendants wish to use this evidence to challenge the extent of Biedma's emotional distress and to argue that Biedma's experience in the criminal justice system suggests the prospect of a second conviction would be less distressing for him.  That a person has been convicted of a crime has an uncertain bearing at best on whether a second prosecution causes stress.  The prospect of conviction—wrongful or otherwise—is inherently stress-inducing.  Defendants have not shown how the probative value of this evidence outweighs its obvious prejudice.  Accordingly, Biedma's motion to exclude testimony about his prior misdemeanor convictions is granted.

In addition, Biedma moves to exclude testimony about a prior injury to his right forearm, which he injured and scarred when he broke a window.  Biedma was prosecuted as a result of this incident.  Defendants contend that this testimony is admissible to rebut Biedma's claim that the scar caused him emotional distress.  Biedma's scar on his right arm may become relevant depending on how he discusses his emotional distress flowing from the dog bite, and therefore ruling on the motion in limine will be held in reserve.  Defendants may not, however, question Biedma about the circumstances surrounding the injury or his prosecution for vandalism.

### B. Motion in Limine No. 2: To Exclude SRPD's Criminal Report Manual, Clark's Prior Incident Reports, and a Sweatshirt

Biedma moves to exclude the SRPD Criminal Report Manual, three incident reports authored by Clark, and a sweatshirt, arguing that these items are not relevant to any material issues of fact to be decided at trial. Defendants contend that the manual and prior reports are relevant to establish that Clark forwarded the incident report to the prosecutor, as he does in every case. "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. According to the manual, SRPD officers must select one of fifteen possible dispositions when completing an incident report. That Clark had these options is probative of whether Clark exercised discretion when he referred the report to the district attorney for review. Whether three reports establish a pattern, practice or habit is another matter. While Clark may testify about his common practices and use incident reports as demonstrative exhibits, at this juncture, defendants have not demonstrated a basis to admit these three reports into evidence. Accordingly, the motion to exclude is granted.

Biedma also argues that the manual should be excluded because defendants did not timely disclose it. Biedma argues that the late disclosure prejudiced his ability to combat this evidence at trial, but does not provide a specific explanation as to how. That neither party has complied with Federal Rule of Civil Procedure 26's disclosure requirements undermines Biedma's claimed prejudice because he could have requested the initial disclosures far sooner had he prompted defense counsel to make the required disclosures. Moreover, Clark mentioned the manual during his deposition, but Biedma never requested that Clark or the SRPD produce the manual during the discovery period. He has therefore failed to show how the late disclosure prejudiced him in any way, and so the motion to exclude the manual is denied.

Finally, Biedma moves to exclude admission of a sweatshirt. This sweatshirt is indisputably not the sweatshirt Biedma actually wore on the night of the incident, which undercuts

its probative value significantly.  Defendants have not laid any foundation to support their contention that this sweatshirt is similar in size, shape, hoodie size, pouch size, or wear and tear.  Absent these critical details, the sweatshirt is not relevant and potentially misleading.  Accordingly, at this juncture, Biedma's motion to exclude the sweatshirt is granted for absence of foundation.

### C.  Motion in Limine No. 3:  To Exclude Testimony Regarding SRPD's Training, Record Keeping, and Report Preparation

Biedma also moves to exclude the testimony of four SRPD officers—Hank Schreeder, John Snetsinger, Tommy Isachsen, and John Cregan—regarding their training and recordkeeping practices.  He contends that this testimony is irrelevant.  Their testimony, however, is relevant because Biedma has asserted claims against the City of Santa Rosa for negligent training and supervision.  Biedma's motion to exclude this testimony is therefore denied with the understanding that defendants may not introduce cumulative evidence.

## III. DEFENDANT'S MOTIONS IN LIMINE

### D.  Motion in Limine No. 1:  To Exclude Photograph of Clark

Defendants move to exclude a still image from a video of Clark pointing his service weapon.  They contend that the image is more prejudicial than probative and therefore inadmissible under Federal Rule of Evidence 403.  The image is potentially inflammatory and offers little probative value to support or to undercut any material facts.  Biedma may use the full video as appropriate, however, to impeach the reliability of Clark's reporting, depending upon Clark's direct testimony.  Defendants' motion to exclude the still image of Clark holding his gun is therefore granted.

### E.  Motion in Limine No. 2:  To Exclude Reference to the Order on the Motion for Summary Judgment

Defendants seek to exclude any reference to the order denying their motion for summary judgment.  Biedma does not oppose this request.  Because the order on the motion for summary judgment is not relevant, the motion is granted.

**F. Motion in Limine No. 3:  To Exclude Reference to the Absence of Video Evidence of the Dog Bite**

On the night Taz bit Biedma, Clark was wearing a body camera.  Clark activated the camera to record his conversation with Biedma in the hospital, but he did not turn on the camera to tape the events leading up to the dog bite.  Defendants wish to exclude reference to the absence of video evidence of the dog bite on the basis that mention of the lack of video evidence is more prejudicial than probative.  *See* Fed. R. Evid. 403.  Defendants apparently believe that Biedma must show that Clark deliberately chose not to activate his camera for the testimony to be relevant.  This is not, however, a valid basis to exclude testimony about the lack of video evidence.  Clark may have a perfectly reasonable explanation as to why he chose not to activate his camera, but the mere fact that he chose not to do so is not unduly prejudicial.  Thus, defendant's motion to exclude testimony about the absence of video evidence of the dog bite must be denied.

**G. Motion in Limine No. 4:  To Exclude Reference to Undiscounted Medical Bills**

Defendants move to exclude testimony or documentary evidence about the costs of Biedma's undiscounted medical expenses.  Under California law, "a plaintiff may recover as economic damages *no more* than the reasonable value of the medical services received and is not entitled to recover the reasonable value if his or her actual loss was less."  *Howell v. Hamilton Meats & Provision, Inc.*, 52 Cal. 4th 541, 555 (2011).  Biedma agrees that evidence of undiscounted medical costs is inadmissible and, indeed, suggests that a stipulation to the total medical costs is proper.  Accordingly, the motion to exclude reference to undiscounted medical bills is granted.  The parties should meet and confer regarding the proposed stipulation.

**H. Motion in Limine No. 5:  To Exclude the Testimony of Scott Defoe**

Both parties have identified expert witnesses to testify about police training and practices: defendants retained Clarence Chapman, while Biedma has hired Timothy Williams.  Following defendants' expert witness disclosure, Biedma identified Scott Defoe as a rebuttal expert to opine about police practices, use of canines, and the reasonableness of Clark's actions.  Many of Defoe's opinions are similar to those of Williams, and therefore are cumulative.  Some of the opinions in Defoe's report address Chapman's specific opinions, such as (1) whether felons on the run are

likely to tie their shoelaces; (2) whether people who have been attacked by a canine remember accurately the placement of their hands; and (3) whether Clark and the SRPD officers should have used a bullhorn to announce their presence at Diaz's residence.  *See* Defoe Report at 5.  These opinions are not cumulative and may be admissible if Biedma lays a proper foundation.  Defendants' motion to exclude Defoe's testimony is therefore granted in part and denied in part.

### I. Motion in Limine No. 6:  To Exclude Testimony from Biedma's Criminal Trial

Biedma and defendants have stipulated that Biedma was prosecuted for resisting arrest and found not guilty.  Defendants move to exclude testimony about the substance of that criminal trial on the basis that it is more prejudicial than probative or speculative.  Specifically, they seek to prohibit testimony about the length of the jury's deliberation; the attorneys' arguments; the basis for the jury's decision; the jury's conclusions about the credibility of the witnesses; and the judge's comments throughout the trial.  Biedma contends that testimony about the length of trial and jury deliberations and the substance of the prosecutor's arguments will help the jury evaluate the extent of his emotional distress.  He agrees that neither party may speculate about the basis for the jury's decision.

Biedma may talk about the stress and emotional anguish he felt during the trial, listening to the prosecutor's arguments, and waiting for a verdict.  He may also testify that the jury returned a verdict of not guilty.  He may not, however, testify about the length of jury deliberations.  That evidence will not assist in the understanding of any material fact in dispute.  Accordingly, defendants' motion to exclude extensive testimony about the substance of the criminal trial is granted in part and denied in part.  The parties may, of course, use the witnesses' testimony to impeach provided they lay the appropriate foundation.

### IV. DISMISSAL OF DOE DEFENDANTS

Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve defendants within 120 days of filing the complaint.  Courts may dismiss unidentified Doe defendants who remain unidentified and unserved after 120 days after the case is filed.  *Spitzer v. Aljoe*, No. 13-CV-05442-MEJ, 2015 WL 1843787, at *15 (N.D. Cal. Apr. 6, 2015).  In the complaint, Biedma

identifies twenty Doe defendants.  To date, however, he has not identified those defendants or supplied proof of service.  Accordingly, pursuant to Rule 4(m), defendants John Doe 1-20 are dismissed with prejudice.

Finally, the parties must submit by February 17, 2016, a stipulated neutral statement to be read to the jury venire and a draft Ninth Circuit Pattern Civil Jury Instruction 1.2.

**IT IS SO ORDERED**.

Dated:  February 12, 2016

_____
RICHARD SEEBORG
United States District Judge